UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DEREK HEYLIGER,

      Plaintiff,

  v.                  9:18-CV-0336
                        (TJM/TWD)

JOHN/JANE DOE, et al.,

      Defendants.

---

APPEARANCES:

DEREK HEYLIGER
12-B-0269
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

THOMAS J. McAVOY
Senior United States District Judge

# DECISION AND ORDER

## I. INTRODUCTION

Plaintiff Derek Heyliger commenced this action by filing a pro se complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). By Decision and Order filed May 10, 2018, plaintiff's IFP Application was granted, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), some of plaintiff's claims were dismissed and other claims survived sua sponte review. Dkt. No. 4 (the "May 2018 Order"). Because plaintiff's complaint named only unidentified "Doe" defendants, the Court

requested, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), that the New York State Attorney General's Office attempt to ascertain the full names of the "Doe" defendants. *See id.* at 13-15.

On June 6, 2018, a representative from the New York State Attorney General's Office submitted a Status Report in an effort to assist plaintiff in identifying defendant "John/Jane Doe Inmate Correspondence Office/mail room officer" and "John/Jane Doe Business Office administrator." *See* Dkt. No. 5 ("Status Report"). With respect to the "Doe" defendant identified as the "legal mail processing room Sergeant," counsel for the New York State Attorney General's Office indicated that he has "been advised by multiple DOCCS employees that there is no Sergeant involved in that process[, and] [t]hus, our Office is unable to identify this defendant." *Id*. at 2. By Order filed June 20, 2018, plaintiff was directed to review the Status Report and, to the extent he was able to do so, submit a proposed amended complaint which substitutes the named defendants in place of one or more of the "Doe" defendants, and which makes any other corrections necessary. *See* Dkt. No. 6.

Presently before the Court is plaintiff's amended complaint. Dkt. No. 7 ("Am. Compl.").[1]

## II. DISCUSSION

The factual assertions set forth in the amended complaint are virtually identical in content to those set forth in the original complaint, except that, in his amended complaint, plaintiff has removed certain causes of action that were plead in the complaint and dismissed

---

[1] The amended complaint was filed as of right pursuant to Federal Rule of Civil Procedure 15(a).

in the May 2018 Order.  *Compare* Compl. *with* Am. Compl.² The amended complaint also now identifies by name "John/Jane Doe Inmate Correspondence Office/mail room officer" as "Karin West" and "John/Jane Doe Business Office administrator" as "Tom Forbes." *See* Am. Compl. at 1, 3.  In addition, plaintiff has removed the "John/Jane Doe legal mail processing room Sergeant" as a defendant.

In light of the May 2018 Order, and mindful of the requirement to liberally construe pro se pleadings, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the amended complaint alleges enough to warrant a responsive pleading from the defendants named therein.  Thus, the amended complaint is accepted for filing and replaces the complaint in its entirety.  In so ruling, the Court expresses no opinion as to whether plaintiff's claims can withstand a properly filed motion to dismiss or for summary judgment.

Since the amended complaint does not include any John/Jane Doe defendants, the Clerk is directed to terminate each of the "Doe" defendants.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 7) is accepted for filing and will supersede and replace the previously filed complaint; and it is further

**ORDERED** that the Clerk shall add Karin West, Inmate Correspondence Office/Mail Room employee, and Tom Forbes, Business Office Administrator, to the docket as defendants; and it is further

**ORDERED** that "John/Jane Doe Inmate Correspondence Office/mail room officer",

---

² The amended complaint also now asserts a due process claim under the Fourteenth Amendment instead of under the Fifth Amendment.  *Compare* Compl. *with* Am. Compl.

3

"John/Jane Doe Business Office administrator", and "Jane/John Doe legal mail processing room Sergeant" are **DISMISSED** as defendants in this case; and it is further

**ORDERED** that the following claims asserted against defendants West and Forbes **SURVIVE** sua sponte review and require a response: (1) plaintiff's denial of access to the courts claim; (2) plaintiff's claim for interference with the free flow of legal mail; and (3) plaintiff's gross negligence claim based on the alleged interference with his legal mail; and it is further

**ORDERED** that, upon receipt from plaintiff of the documents required for service of process, the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service on defendants West and Forbes, together with a copy of this Order;[3] and it is further

**ORDERED** that a response to the amended complaint be filed by defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. Plaintiff is also required to promptly notify the Clerk's Office and all parties or their

---

[3] The Court previously granted plaintiff leave to proceed with this action *in forma pauperis*. *See* May 2018 Order.

4

counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action; and it is further

    **ORDERED** that the Clerk shall serve a copy of this Decision and Order on the plaintiff.

**IT IS SO ORDERED.**

Dated: August 13, 2018

*/s/ Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge