**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**DEREK A. HEYLIGER,**

                **Plaintiff,**

   v.                                               9:18-cv-0336
                                                        (TJM/TWD)

**KARIN WEST and TOM FORBES,**

                **Defendants.**

_____

**THOMAS J. McAVOY,
Senior United States District Judge**


**DECISION & ORDER**

**I.    INTRODUCTION**

    This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. Thérèse W. Dancks, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). In her August 29, 2019 Order and Report-Recommendation ("Rep.-Rec."), Magistrate Judge Dancks recommends that Defendants' Rule 12(b)(6) motion to dismiss be granted on the ground that Plaintiff failed to exhaust available administrative remedies before commencing this action as required by the Prison Litigation Reform Act of 1995 ("PLRA"), that Plaintiff's federal claims be dismissed without prejudice, and that the Court decline to exercise supplemental jurisdiction over Plaintiff's New York state-law claims. *See generally*, Rep.-Rec., Dkt. No.

20.[1]  Plaintiff filed objections.  Dkt. No. 22.

## II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.).  After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

## III. DISCUSSION

### a. Exhaustion of Administrative Remedies

#### 1. Background

The facts relevant to whether Plaintiff exhausted his administrative remedies are that on January 3, 2017, Plaintiff filed an appeal to the Central Office Review Committee ("CORC") concerning the denial of his facility grievance alleging that Defendants deliberately interfered with his legal mail preventing his timely access to the courts.  On January 15, 2018, Plaintiff wrote Karen Bellamy, Director of the Inmate Grievance Program at the New York State Department of Corrections and Community Supervision

---

[1]The Court presumes familiarity with Magistrate Judge Dancks's Report-Recommendation.

("DOCCS"), concerning his appeal. On March 7, 2018, still having received no response from CORC, Plaintiff commenced the instant action.[2] In April 2018, Plaintiff received a notice from CORC that his appeal had been received. On July 10, 2018, Plaintiff received a decision from CORC denying his grievance. The central argument raised by Plaintiff in opposition to Defendants' motion, and raised now in his objections, is that administrative remedies were unavailable because of CORC's delay.

### 2. PLRA Exhaustion

As Magistrate Judge Dancks points out, under the PLRA "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 136 S. Ct. 1850, 1854-55 (2016). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and

---

[2]As the report recommendation indicates:

Here, in his opposition to Defendants' motion, Plaintiff further pleads, in relevant part:

> Finally, after plaintiff failed to receive a response to plaintiff[']s grievance for over one (1) year from CORC, on January 15, 2018 Plaintiff wrote to Inmate Grievance Director Karen Bellamy of the Central Office Review Committee (CORC) concerning their failure to respond to his grievance appeal being that plaintiff did not receive a response from CORC informing him that his Grievance Appeal had been received, processed nor filed with CORC.
>
> After not receiving a reply from CORC concerning his grievance appeal letter on February 25, 2018 plaintiff drafted an original complaint which was then signed on March 7, 2018.

Rep. Rec. at 16 (citing Dkt. No. 17 at 4). Magistrate Judge Dancks notes that "Plaintiff's opposition papers are properly considered in connection with Defendants' motion to dismiss only to the extent that they are consistent with the allegations in his complaint." *Id.*, at 16, n. 9 (citing *Resto-Otero v. Mohammad*, No. 9:17-CV-1115 (GLS/DEP), 2018 WL 5795508, at *2 n.4 (N.D.N.Y. Oct. 3, 2018) and *Planck v. Schenectady Cty.*, No. 12-CV-0336 (GTS/DRH), 2012 WL 1977972, at *5 (N.D.N.Y. June 1, 2012) (citing cases)).

3

whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). "The PLRA requires 'proper exhaustion,' which means using all steps required by the administrative review process applicable to the institution in which an inmate is confined and doing so properly." Rep.-Rec., at 8 (quoting *Jones*, 549 U.S. at 218, in turn citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)); *see Ruggerio v. Cty. of Orange*, 467 F.3d 170, 176 (2d Cir. 2006)("[T]he PLRA requires proper exhaustion, which means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)."). In New York, the administrative remedies consist of a three-step Inmate Grievance Program ("IGP"), concluding when CORC makes the final administrative determination on an inmate's appeal.

There is no dispute that Plaintiff commenced the instant action before receiving a decision from CORC on his appeal. However, "[a] prisoner's failure to exhaust administrative remedies may nonetheless be excused if remedies were unavailable to the inmate." *High v. Switz*, No. 9:17-CV-1067 (LEK/DJS), 2018 WL 3736794, at *4 (N.D.N.Y. July 9, 2018), *report and recommendation adopted sub nom. High v. PA Switz*, 2018 WL 3730175 (N.D.N.Y. Aug. 6, 2018)(citing *Ross*, 136 S. Ct. at 1858). In *Ross*, the Supreme Court stated "[a]n inmate ... must exhaust available remedies, but need not exhaust unavailable ones." *Ross*, 136 S. Ct. at 1858. The Supreme Court provided three potential circumstances in which administrative remedies may be unavailable: (1) where the administrative procedure technically exists but operates as a "dead end—with officers

4

unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use"; and (3) where prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60.

### 3. Analysis

Magistrate Judge Dancks examined cases involving situations where CORC engaged in delay in rendering its decision. As Magistrate Judge Dancks stated, "[c]ourts within this Circuit are split as to whether a delay by CORC constitutes unavailability that would excuse a plaintiff's failure to exhaust his administrative remedies." Rep.-Rec. at 13 (collecting cases). Based on this case review, Magistrate Judge Dancks first indicated: "[A]ssuming, as alleged, that Plaintiff waited more than one year beyond the thirty-day deadline for CORC to issue its decision before commencing this action, this Court would recommend finding that Plaintiff's administrative remedies were unavailable under *Ross* and, therefore, would recommend denying Defendants' motion to dismiss on exhaustion grounds." *Id.*, at 15. However, Magistrate Judge Dancks then indicated that upon closer review she would not make this recommendation because Plaintiff alleges that he did not receive notice that his grievance was received by CORC until April 2018. *Id.* Citing to 7 N.Y.C.R.R § 701.5(d)(3)(i) and relying on the holding in *Gizewski v. New York State Dep't of Corr. & Cmty. Supervision*, No. 9:14-CV-124, 2016 WL 3661434, at *13 (N.D.N.Y. July 5, 2016)(plaintiff did not exhaust his administrative remedies because he failed to take further action under § 701.5(d)(3)(i)), *aff'd*, 692 F. App'x 668 (2d Cir. 2017)(summary

5

order), Magistrate Judge Dancks concluded:

> Here, like *Gizewski*, there was a specific direction in the procedures for Plaintiff to follow, *i.e.*, "[i]f a grievant does not receive a copy of the written notice of receipt [by CORC] within 45 days of filing an appeal, the grievant should contact the IGP supervisor in writing to confirm that the appeal was filed and transmitted to CORC," 7 N.Y.C.R.R § 701.5(d)(3)(i), whereas in [*Mayandeunas v. Bigelow*, No. 9:18-cv-1161 (GTS/TWD), 2019 WL 3955484 (N.D.N.Y. Aug. 22, 2019)] and [*Bell v. Napoli*, No. 9:17-CV-850 (ATB), 2018 WL 6506072 (N.D.N.Y. Dec. 11, 2018)], the regulations contained no instructions on how an inmate should proceed if CORC continued to "ignore" a *received* appeal, making the administrative remedy unavailable under *Ross* and [*Williams v. Corr. Officer Priatno*, 829 F.3d 118 (2d Cir. 2016)]. Consequently, the Court finds Plaintiff failed to exhaust his available administrative remedies prior to commencing suit.

Rep.-Rec. at 16-17 (emphasis in original).

Accepting the allegations in the Amended Complaint as true and drawing all reasonable inferences in Plaintiff's favor, as the Court must on this Rule 12(b)(6) motion, Plaintiff's appeal was received by CORC on January 3, 2017 yet ignored for over one year. It also appears that Plaintiff attempted to fulfill the functional equivalent of § 701.5(d)(3)(i) by writing to Director Bellamy before he commenced this action. While Director Bellamy is not the IGP supervisor referenced in § 701.5(d)(3)(i), Plaintiff apparently wrote to her to find out the status of his appeal, which is the purpose of § 701.5(d)(3)(i). The Court finds that the matter should not, at this stage, be dismissed for failing to exhaust administrative remedies. While discovery may reveal that Director Bellamy advised Plaintiff to comply with § 701.5(d)(3)(i), *see Woodward v. Lytle*, No. 916CV1174NAMDEP, 2018 WL 4643036, at *3 (N.D.N.Y. Sept. 27, 2018), *reconsideration denied*, No. 9:16-CV-1174 (NAM/DEP), 2018 WL 6179427 (N.D.N.Y. Nov. 27, 2018)(DOCCS Acting Commissioner Annucci "referred Plaintiff's letter to Karen Bellamy,

6

the DOCCS Director of the IGP, who wrote Plaintiff in response" that "[c]ontact with the [Cape Vincent] administration reveals that the IGP Supervisor did not receive or refuse to file a July 15, 2015 complaint from you alleging staff misconduct. . . . You are advised that Directive #4040 makes no provision for an inmate to refer grievances directly to Central Office, and that specific grievance concerns should be directed to the IGP Supervisor for the most expeditious means of resolution."), which might align this cases with *Gizewski,* that determination cannot be made on the present record. Accordingly, the Court rejects the recommendation to dismiss the action at this time on the ground that Plaintiff failed to exhaust available administrative remedies.

### b. Substantive Claims

Magistrate Judge Dancks understandably did not address Defendants' arguments directed to the substantive merits of Plaintiff's claims. The Court will do so now. Defendants' arguments in this regard are twofold.

First, Defendants argue that a single incident of mail interference is not sufficient to establish a claim under 42 U.S.C. §1983. Plaintiff responds by arguing that the Amended Complaint contains allegations of two incidents of mail tampering/interference sufficient to establish a viable §1983 claim. In this regard, Plaintiff points out that in the Amended Complaint he alleges that he sought to send legal mail to the New York Court of Claims on October 26, 2016, and that he sought to re-mail a claim to the Court of Claims on October 31, 2016. Plaintiff further alleges that his envelope delivered to the prison mailroom on October 26, 2016 was returned to him opened, and that his mail delivered to the prison mailroom on October 31, 2016 was held for a period of time before being shipped in "late

November 2016." He alleges that the inmate Correspondence Office was on notice on October 26, 2016 of his "legal filing deadline date of October 28, 2016," and that, as a result of the mail be returned to him on the afternoon of October 28, 2016, his legal claim in the Court of Claims was dismissed as untimely. The Court will allow the claim to proceed on the basis that Plaintiff asserts two separate incidents where prison officials interfered with Plaintiff's legal mail. Accordingly, Defendants' motion on this ground is denied. Defendants can renew their argument on summary judgment.

Second, Defendants argue that Plaintiff's state law claim of gross negligence by prison officials is barred by New York Correction Law §24(1). Plaintiff did not respond to this aspect of the motion and, therefore, the claim is deemed abandoned. *See Forney v. Forney*, 96 F. Supp. 3d 7, 11 (E.D.N.Y. 2015); *Collins v. Goord*, 581 F. Supp. 2d 563, 579 (S.D.N.Y. 2008); *see also Thurmand v. Univ. of Connecticut*, No. 3:18-CV-1140 (JCH), 2019 WL 369279, at *3 (D. Conn. Jan. 30, 2019)("Courts in this Circuit have presumed that plaintiffs have abandoned their claims when they do not oppose a motion to dismiss them.")(collecting cases); *Russell v. N.Y. Univ.*, No. 1:15-cv-2185, 2017 U.S. Dist. LEXIS 111209, at *99 (S.D.N.Y. July 17, 2017)(failure to address defendant's arguments for dismissal of claims deems those claims abandoned); *De Sole v. Knoedler Gallery, LLC*, 137 F. Supp.3d 387, 410 (S.D.N.Y. Sept. 30, 2015)(dismissing claim as abandoned when the plaintiff failed to respond to the arguments on a motion to dismiss). Furthermore, inasmuch as the Amended Complaint asserts that Defendants were acting within the scope of their employment when they were grossly negligent, Plaintiff's state law claim is barred under New York Correction Law § 24(1). *See Abreu v. Travers*, No.

8

9:15-CV-0540(MAD)(ATB), 2016 WL 6127510, at *17 (N.D.N.Y. Oct. 20, 2016); *Cruz v. New York*, 24 F. Supp. 3d 299, 310 (W.D.N.Y. 2014). Accordingly, this aspect of Defendants' motion is granted.

## IV. CONCLUSION

For the reasons discussed above, the Court rejects the recommendation in the Order and Report-Recommendation [Dkt. No. 20]. Also for the reasons discussed above, Defendants' motion to dismiss [Dkt. No. 15] is GRANTED in part and DENIED in part. The motion is granted inasmuch as Plaintiff's state law claim of gross negligence is DISMISSED. The motion is denied in all other respects.

**IT IS SO ORDERED.**

Dated: September 30, 2019

Thomas J. McAvoy
Senior, U.S. District Judge