**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DEREK A. HEYLIGER,**

                              **Plaintiff,**

      vs.                                              **9:18-CV-336**
                                                         **(TJM/TWD)**

**KARIN WEST, and TOM FORBES,**

                              **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

## DECISION & ORDER

      The Court referred this *pro se* civil action, brought pursuant to 42 U.S.C. § 1983, to Magistrate Judge Thérèse Wiley Dancks for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Plaintiff, a prisoner in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), alleges that the Defendants violated his constitutional rights by destroying legal mail that he handed over to them for delivery.  Defendants have filed a motion for summary judgment in which they allege that Plaintiff's claim should be dismissed because he failed to exhaust his administrative remedies.  See dkt. # 56.

      Magistrate Judge Dancks's Report-Recommendation, dkt. # 61, issued on November 2, 2021, recommends that the Court deny the Defendants' motion.  Judge Dancks finds that Defendants did not comply with the local rules when they failed to

1

include in their motion papers a statement of undisputed material facts with citations to the record. The local rules require the Court to deny the Defendants' motion for failing to file the required statement, Judge Dancks finds. In any case, she concludes, Defendants' motion fails on the merits. Indeed, Judge Dancks points out, Defendants rely on case law related to exhaustion in the prison context which has been overruled.

Defendants objected to the Report-Recommendation. See dkt. # 62. Their objection includes the statement of material facts that should have been included within their original motion, and to which Plaintiff would have been required to respond.[1] Defendants contend that their motion should be denied without prejudice and with an opportunity to re-file with proper citations to the record. In the alternative, they argue, the Court should find that the evidence demonstrates that Plaintiff did not administratively exhaust his claims before he filed his complaint.

When a party objects to a magistrate judge's Report-Recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

Having reviewed the record *de novo* and having considered the other issues raised

---

[1] Defendants state that their failure to include the required statement "was in error and unintentionally omitted from Defendants' filing." The Court finds that Defendants' statement here does not explain the reason for the error and provides no excuse. The New York Attorney General's certainly employs attorneys familiar with the Northern District's procedures and capable of reading the rules of court.

2

 in the Petitioner's objections, this Court has determined to accept and adopt Judge Dancks' recommendation for the reasons stated in the Report-Recommendation.

The Report-Recommendation of Magistrate Judge Dancks, dkt. # 61, is hereby **ACCEPTED** and **ADOPTED**. Defendants' objections to the Report-Recommendation are hereby **OVERRULED**. Defendants' motion for summary judgment, dkt. # 56, is hereby **DENIED**.

**IT IS SO ORDERED.**

**Dated: November 30, 2021**

Thomas J. McAvoy
Senior, U.S. District Judge