**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

DEREK A. HEYLIGER,

                          Plaintiff,                   9:18-CV-336
                                              (AMN/TWD)

v.

KARIN WEST and TOM FORBES,

                          Defendants.

_____

**APPEARANCES:**                                 **OF COUNSEL:**

**HORING WELIKSON & ROSEN PC**     **RICHARD T. WALSH, ESQ.**
11 Hillside Avenue,
Williston Park, New York 11596
_Attorneys for Plaintiff_

**HON. LETITIA JAMES**                   **STEVE NGUYEN, ESQ.**
New York State Attorney General        **MATTHEW P. REED, ESQ.**
The Capitol                           Assistant Attorneys General
Albany, NY 12224
_Attorney for Defendants_

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

On June 12, 2023, this Court commenced a jury trial on Plaintiff Derek A. Heyliger's

("Plaintiff") claims pursuant to 42 U.S.C. § 1983 ("Section 1983") that Defendants Karin West

and Tom Forbes ("Defendants") violated Plaintiff's First Amendment rights by (i) denying him

access to the courts; and (ii) interfering with his legal mail.  After the close of Plaintiff's evidence,

Defendants moved for judgment as a matter of law, on both of Plaintiff's claims, pursuant to Rule

50(a) of the Federal Rules of Civil Procedure.  Dkt. No. 115; Tr. 74:21-24.[1]  After hearing oral argument from Plaintiff and carefully considering the record, the Court granted the motion.  Dkt. No. 115; Tr. 79:7-12.  This Memorandum Decision and Order sets forth the reasons for that decision.

## I.    PROCEDURAL BACKGROUND

Plaintiff commenced this action on March 19, 2018, pursuant to Section 1983, against three "Doe" defendants.  *See* Dkt. No. 1.  Three claims survived the Court's initial review pursuant to 28 U.S.C. §§ 1915(e) and 1915A: (i) denial of access to the courts; (ii) interference with the free flow of legal mail; and (iii) gross negligence based on the alleged interference with legal mail.  Dkt. No. 4.  Additionally, pursuant to *Valentin v. Dinkins*,[2] the Court directed the Office of the New York State Attorney General ("OAG") to ascertain, if possible, the names of the "Doe" defendants.  *Id.* at 13-14.  In response, the OAG provided a status report identifying Karin West and Tom Forbes[3] as two of the possible "John/Jane Doe defendants."  *See* Dkt. No. 5 at 1.[4]  The OAG noted that it did not "purport [to have] knowledge that these are the Doe defendants sought

---

[1] "Tr. _" refers to pages in the trial transcript, Dkt. No. 118.

[2] In *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the Second Circuit held that district courts must assist *pro se* incarcerated litigants with their inquiries into the identities of unknown defendants.  *Id.* at 74-75.

[3] Defendants' trial brief asserted that, at the time relevant to this action, Defendant Karin West was employed as an Office Assistant and "worked in the mail room."  Dkt. No. 94 at 1.  Her "duties included processing mail in and out of the facility, and assessing postage costs."  *Id.*  Additionally, Defendant Tom Forbes "served as an Institutional Steward and worked in the business office, nearly a quarter mile away from Great Meadow."  *Id.*  Defendant Forbes' duties "included accounting of inmate funds, generating balance statements, and approving advance authorization requests."  *Id.*  Defendant Forbes "did not physically handle inmate mail."  *Id.*

[4] The OAG status report stated, based on the "information received from employees of the NYS Department of Corrections and Community Supervision ("DOCCS"), it appears that" Karin West and Tom Forbes "may be the John/Jane Doe defendants identified as the 'Inmate Correspondence Office/mail room' employee and the Business Office administrator."  *See* Dkt. No. 5.

to be served by the plaintiff" but rather identified them based on their job titles at the time in question. *Id.* at 2.[5]  On July 19, 2018, Plaintiff filed an Amended Complaint naming Karin West and Tom Forbes as defendants, Dkt. No. 7, and the Court determined that the same three claims survived initial review, Dkt. No. 8.

On October 15, 2018, Defendants moved to dismiss Plaintiff's Amended Complaint, Dkt. No. 15, and the Court granted Defendants' motion only as to the claim for gross negligence based on the alleged interference with legal mail.  Dkt. No. 23 at 9.  On May 14, 2021, Defendants moved for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies, Dkt. No. 56, and the Court denied Defendants' motion on procedural grounds, Dkt. Nos. 61, 63.[6] Defendants requested leave to file a second motion for summary judgment, which the Court granted.  *See* Dkt. Nos. 65-66.  On February 25, 2022, Defendants filed their second motion for summary judgment, Dkt. No. 68, which the Court denied, *see* Dkt. Nos. 74-75.  On January 26, 2023, the Court appointed Plaintiff *pro bono* trial counsel.  *See* Dkt. No. 81 (Order appointing Richard T. Walsh, Esq. as *pro bono* trial counsel for Plaintiff).

## II.  FACTUAL BACKGROUND

Plaintiff alleges that on October 28, 2015, while he was incarcerated at Clinton Correctional Facility ("Clinton"), several Corrections Officers assaulted and used excessive force against him.  Dkt. No. 7 at ¶ 18.

Plaintiff thereafter initiated a federal action pursuant to Section 1983 on August 18, 2017, alleging several constitutional violations, including an Eighth Amendment excessive force claim

---

[5] With respect to the third Doe defendant, Plaintiff had identified that individual as a "legal mail processing room Sergeant," but the OAG was unable to identify any Sergeants involved in the processing of legal mail.  Dkt. No. 5 at 2.

[6] Defendants' motion for summary judgment was denied based on Defendants' failure to file and serve a Statement of Material Facts, as required by Local Rule 56.1(a).  *See* Dkt. Nos. 56, 61, 63.

based on the alleged October 28, 2015 incident. *See Heyliger v. Cymbrak et al.*, No. 9:17-cv-00912 (CFH) (N.D.N.Y.). On October 27, 2021, a jury trial commenced before Magistrate Judge Christian F. Hummel, and the jury found in favor of defendants with a verdict of no cause. *Id.* at Dkt. No. 128.[7]

In addition to the federal action, Plaintiff also alleges that on October 25, 2016, while he was incarcerated in the Special Housing Unit at Great Meadow Correctional Facility, he attempted to file a state claim for assault and battery in the New York State Court of Claims ("Court of Claims") based on the same alleged October 28, 2015 incident. Dkt. No. 7 at ¶¶ 16-18; Dkt. No. 93, Ex. A. Plaintiff alleges that he sent a notice of claim to both the Court of Claims and to the OAG. Dkt. No. 7 at ¶ 18. The deadline to file the notice of claim with the Court of Claims was October 28, 2016. *Id.* at ¶ 17. Plaintiff alleges that Defendants: did not send his legal mail to the Court of Claims when they received it, despite his instructions to do so; opened that legal mail and improperly returned it to Plaintiff; delayed re-mailing his legal mail for nearly a month; and lost an envelope that Plaintiff included in the re-mailing. Dkt. No. 74 at 3 (citing Dkt. No. 7 at ¶¶ 21-36).[8] On January 8, 2018, the Court of Claims dismissed Plaintiff's claim on the sole basis that it was untimely. Dkt. No. 20 (citing Dkt. No. 7 at ¶¶ 34-35). Plaintiff then commenced this action pursuant to Section 1983, alleging that his legal mail to the Court of Claims was untimely due to Defendants' deliberate interference with his legal mail. *See generally* Dkt. No. 7. Plaintiff alleged that as a result of Defendants' interference with his legal mail, he was denied his First Amendment

---

[7] The jury verdict was rendered on Plaintiff's two surviving claims, an excessive force claim related to the alleged October 28, 2015 incident, and a racial discrimination claim alleging that a Corrections Officer used "racial slurs or epithets" during the alleged incident. *See Heyliger v. Cymbrak et al*., No. 9:17-cv-00912, Dkt. No. 128 (CFH) (N.D.N.Y.).

[8] Plaintiff's notice of claim to the OAG was timely. *See* Dkt. No. 72-1 at 17-18, 26-27 (indicating Plaintiff's notice of claim was mailed to the OAG on October 28, 2016).

rights to the free flow of legal mail and access to the courts. *See id*.

The Court commenced a jury trial on these claims on June 12, 2023. Dkt. No. 115. At trial, counsel for Plaintiff called only one witness, Plaintiff himself. Tr. 2:4, 71:2-7. On direct examination, Plaintiff testified that when he filed the initial Complaint in this action, he did not know "who was responsible for processing [his] legal mail and making sure it got … to the destination." *Id*. at 34:5-9. As a result, Plaintiff named "Doe" Defendants in the Complaint until the OAG provided the names of possible individual defendants. *Id*. at 34:9-13. He further testified that he did not know who Defendants Karin West and Tom Forbes were before he filed his action. *Id*. at 33:15-22.

On cross examination, Plaintiff testified that he did not have any direct evidence that either of the Defendants saw, opened, read, or touched his mail. *Id*. at 60:8-21. Plaintiff further testified that neither of the Defendants was involved in any way in the alleged 2015 excessive force incident. *Id*. at 38:21-39:3. On re-direct, Plaintiff also testified that he did not know the names of anyone who worked in the mail room and never obtained a list of the employees in the mail room and their functions. *Id*. at 70:20-71:1.

At the close of Plaintiff's case-in-chief, Defendants moved, pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, for judgment as a matter of law on both of Plaintiff's claims, arguing that Plaintiff failed to produce evidence sufficient to permit a reasonable jury to find, by a preponderance of the evidence, that Defendants denied Plaintiff access to the courts or interfered with Plaintiff's legal mail in violation of the First Amendment. *Id*. at 74:21-76:6. After hearing oral argument in opposition from Plaintiff,[9] and allowing Defendants an opportunity to argue in

---

[9] Plaintiff argued that a Rule 50(a) motion was premature because all the evidence at trial had not yet been presented. Tr. 76:9-15, 20-22. However, Plaintiff's case-in-chief includes only the evidence presented by Plaintiff's witnesses. *See Rojas v. Theobald,* No. 02-CV-3623

reply, the Court granted the motion.[10]  *Id.* at 77:10-79:12.

## III.   STANDARD OF REVIEW

Rule 50(a)(1) of the Federal Rules of Civil Procedure provides that:

> If a party has been fully heard on an issue during a jury trial and the
> court finds that a reasonable jury would not have a legally sufficient
> evidentiary basis to find for the party on that issue, the court may:
> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against the party....

Fed. R. Civ. P. 50(a)(1).  "In ruling on a Rule 50(a) motion for judgment as a matter of law, the

district court should 'review all of the evidence in the record,' and, in doing so, 'must draw all

reasonable inferences in favor of the nonmoving party, and ... may not make credibility

determinations or weigh the evidence.'"  *Higgins v. Consol. Rail Corp.*, 451 F. App'x 25, 26 (2d

Cir. 2011) (quoting *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 150-51 (2000)).

"Rule 50 applies 'as soon as it is apparent that either party is unable to carry a burden of proof that

is essential to that party's case.'"  *Amica Mut. Ins. Co. v. BMW of N. Am., LLC*, No. 22-391-CV,

2023 WL 3144042, at *4 (2d Cir. Apr. 28, 2023) (quoting Fed. R. Civ. P. 50(a) advisory

committee's note to 1991 amendment).

## IV.   DISCUSSION

Plaintiff's First Amendment claims pursuant to Section 1983 allege that Defendants Karin

West and Tom Forbes interfered with his legal mail and denied him access to the courts.  *See* Dkt.

No. 7.  Section 1983 allows individuals to seek redress for civil rights violations committed by

---

(DRH/MLO), 2007 WL 2455133, at *3 (E.D.N.Y. Aug. 23, 2007) (noting that plaintiff's case-in-chief concluded after plaintiff presented all its witnesses), *aff'd sub nom. Rojas v. Schkoda*, 319 F. App'x 43 (2d Cir. 2009).

[10] The Court informed the parties that it was granting Plaintiff's Rule 50(a) motion and would issue this Memorandum Decision and Order setting forth the reasons.  Tr. 79:12-15.  The Court also informed Plaintiff that a notice of appeal must be filed with the district clerk within thirty days from the entry of the judgment.  Tr. 79:16-17.

governmental officials, including DOCCS employees, and it provides in pertinent part: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution … shall be liable to the party injured in an action at law …."  42 U.S.C § 1983.

In a Section 1983 case, a plaintiff must prove that: (1) defendants "acted under color of state law"; (2) "as a result of the defendants' actions, the plaintiff suffered a deprivation of [his] rights or privileges secured by the Constitution or federal laws"; and (3) "defendants' action[s] were] a proximate cause of plaintiff's injury."  *Woolfolk v. Baldofsky*, No. 19-CV-3815 (WFK) (ST), 2022 WL 3358081, at *3-4 (E.D.N.Y. Aug. 15, 2022) (citing *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998) and *Gierlinger v. Gleason*, 160 F.3d 858, 872 (2d Cir. 1998)).

### A. Plaintiff Failed to Establish Defendants' Personal Involvement in the Alleged Constitutional Deprivations

Defendants argued that their Rule 50(a) motion should be granted because Plaintiff did not show that Defendants were personally involved in denying Plaintiff his First Amendment rights. Tr. 75:7-10.  "'It is well settled that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"  *Woolfolk*, 2022 WL 3358081, at *3 (quoting *Kornegay v. Doe*, 371 F. App'x 178, 179 (2d Cir. 2010) (summary order)). A "plaintiff must allege that each defendant was directly and personally responsible for the purported conduct and establish fault and causation on the part of each defendant."  *Cancel v. Goord*, No. 00 CIV 2042 (LMM), 2001 WL 303713, at *8 (S.D.N.Y. Mar. 29, 2001) (citation omitted); *see also Rickett v. Orsino*, No. 10 Civ. 5152 (CS) (PED), 2013 WL 1176059, at *7 (S.D.N.Y. Feb. 20, 2013) ("Where a defendant is sued in his or her individual capacity, the plaintiff must [] show the personal involvement of that individual in the constitutional deprivation."), *report*

*& recommendation adopted*, 2013 WL 1155354 (S.D.N.Y. Mar. 21, 2013) (citation omitted).

Even without direct evidence, a jury may still find for a plaintiff if there is sufficient circumstantial evidence that defendants were personally involved in violating that plaintiff's First Amendment rights. *Medina v. Donaldson*, No. 10 CIV. 5922 (VMS), 2014 WL 1010951, at *7 (E.D.N.Y. Mar. 14, 2014) (citation omitted); *see also Rickett*, 2013 WL 1176059, at *19 (finding sufficient circumstantial evidence of a particular defendant's personal involvement in a violation of the incarcerated plaintiff's First Amendment rights concerning the removal of a letter from a mailbox where the plaintiff saw the letter on the defendant's desk).

Here, Plaintiff failed to present evidence sufficient to permit a reasonable jury to find that Defendants were personally involved in denying him his First Amendment rights. Plaintiff testified that Defendants were named in the lawsuit based solely on the OAG providing their names pursuant to a *Valentin* order. Tr. 34:7-13, 54:15-19. The OAG confirmed that these Defendants were named based on their job titles, *see* Dkt. No. 5 (noting that Karin West and Tom Forbes "may be the John/Jane Doe defendants identified" in Plaintiff's original Complaint), and Plaintiff testified that he had no direct or circumstantial proof or knowledge that Defendants were involved in the alleged interference with his legal mail. Tr. 60:8-21, 62:16-63:17.

Courts have held that naming Defendants based on their job titles, without providing additional evidence of their personal involvement, is insufficient to establish a constitutional violation. *See, e.g.*, *Harris v. Lilley,* No. 9:22-CV-1100 (GTS/CFH), 2023 WL 3477218, at *5 (N.D.N.Y. May 16, 2023) (finding that "statements merely demonstrat[ing] that [a prison Business Office Supervisor and Mailroom Supervisor] acted in supervisory roles" was "far from sufficient to demonstrate personal involvement"); *see also Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987) (quotation omitted) ("Dismissal of a section 1983 claim is proper where, as here, the plaintiff does

no more than allege that defendant was in charge of the prison."). Plaintiff therefore failed to establish an essential element of each of his Section 1983 claims against Defendants. *See Woolfolk*, 2022 WL 3358081, at *3 (E.D.N.Y. Aug. 15, 2022) (granting defendant's Rule 50(a) motion when plaintiff "failed to introduce evidence that Defendant was personally involved in the alleged deprivations of his constitutional rights").

### 1. Plaintiff Failed to Establish that Defendants Denied Him Access to the Courts

Defendants also argued that Plaintiff failed to prove his First Amendment access to the courts claim because he "admit[ted] to having no knowledge of whether these particular [D]efendants touched his mail, opened his mail, returned, [or] delayed remailing" and never had any interactions with Defendants, either in person or writing, that would demonstrate that Defendants acted deliberately or maliciously. Tr. 75:7-16.

It is well-established that prisoners have a First Amendment right of access to the courts. *Friedman v. Bloomberg L.P.*, 884 F.3d 83, 90 (2d Cir. 2017). "In general, claims alleging the loss of a right of access to the courts fall into two categories: so-called 'forward-looking' and 'backward-looking.'" *Kern v. Contento*, No. 21-1672, 2022 WL 1112767, at *3 (2d Cir. Apr. 14, 2022) (summary order). Here, Plaintiff asserted a backward-looking denial of access to the courts claim. *See generally* Dkt. No. 7. Through a backward-looking claim, a plaintiff complains of "official acts" that "caused the loss or inadequate settlement of a meritorious case, … the loss of an opportunity to sue, … or the loss of an opportunity to seek some particular order of relief." *Christopher v. Harbury*, 536 U.S. 403, 414 (2002).

To establish a backward-looking claim, a plaintiff must: (1) "identify a nonfrivolous, arguable underlying claim"; (2) "establish that the defendant[s] took or [were] responsible for actions that hindered a plaintiff's efforts to pursue a legal claim"; (3) "show that the defendant[s']

alleged conduct was deliberate and malicious"[11]; and (4) demonstrate that "the defendant[s'] actions resulted in an actual injury to the plaintiff." *Jean-Laurent v. Lawrence*, No. 12-CV-1502 (JPO), 2015 WL 1208318, at *4 (S.D.N.Y. Mar. 17, 2015) (internal quotations and citations omitted).

Plaintiff failed to present evidence sufficient to permit a reasonable jury to find that he satisfied the second or third elements of his access to the courts claim.  As to the second element, Plaintiff testified that he did not have any knowledge that these particular Defendants touched, opened, or returned his mail, or delayed the re-mailing of his mail. Tr. 60:8-21.  Indeed, Plaintiff presented no evidence, either direct or circumstantial, that these particular Defendants took any action with respect to his mail.  As to the third element, Plaintiff did not present evidence that either Defendant acted deliberately or maliciously to impede his access to the court.  Again, Plaintiff presented no evidence that either of the Defendants handled his mail at all, *id*., but even if Plaintiff had presented such evidence, he did not present any nonconclusory evidence to show that either Defendant acted with a deliberate or malicious state of mind, *compare id*. at 75:12-16; *with id*. at 77:11-78:18.  In fact, Plaintiff testified that Defendants were not involved with the alleged 2015 excessive force incident, which occurred at Clinton, a different facility from where Defendants worked, and presented no evidence that Defendants had knowledge of the alleged excessive force incident or any motivation at all to hinder his assault and battery claim in the Court of Claims. *Id.* at 37:16-38:12, 38:21-39:3.  In sum, Plaintiff presented no evidence that could lead a reasonable jury to conclude that Defendants took any action to hinder his efforts to pursue his

---

[11] "Deliberate and malicious interference [with access to the courts] is established by a defendant's mental state—specifically, whether he or she had intended to hinder a plaintiff's ability to obtain a remedy in a court of law." *Rodriguez v. Diaz*, No. 05 CIV. 1831 (CM) (MD), 2011 WL 3427147, at *3 (S.D.N.Y. Aug. 3, 2011), *aff'd*, 505 F. App'x 26 (2d Cir. 2012) (citations omitted).

legal claim or acted deliberately or maliciously in doing so.

### 2. Plaintiff Failed to Establish that Defendants Interfered With His Legal Mail

Defendants further argued that Plaintiff failed to prove his interference with legal mail claim because he had no evidence that Defendants "handled his mail at all." *Id*. at 75:17-20. Defendants also argued that Plaintiff failed to show a pattern or practice of mail interference because the notice of claim to the OAG "from the same day for the same claim was successfully sent out" and Plaintiff "continued to receive incoming mail from a host of courts including the Court of Claims." *Id*. at 75:20-76:3.

Prisoners have a First Amendment right to the free flow of incoming and outgoing mail. *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). To establish a First Amendment claim of interference with legal mail, a plaintiff must prove that: (1) defendants regularly interfered with plaintiff's incoming or outgoing mail; and (2) the interference was not justified by any legitimate penological interest. *Id*.; *Dawkins v. Copeland*, No. 17 CIV. 9926 (ER), 2020 WL 1529161, at *8 (S.D.N.Y. Mar. 31, 2020). As to the first element, an "isolated incident of mail tampering" is generally insufficient to establish a constitutional violation. *Davis*, 320 F.3d at 351 (citing *Morgan v. Montanye*, 516 F.2d 1367, 1371 (2d Cir. 1975)); *accord Dawkins*, 2020 WL 1529161, at *8 (citation omitted) (finding that the plaintiff failed to allege that prison officials "regularly and unjustifiably" interfered with his attempts to mail a notice of claim because "[a]t best, his allegations only amount[ed] to one or two instances of his mail being stopped, rather than a long-term effort to block his communication with the outside world"); *cf. Bradshaw v. City of New York*, No. 15-CV-9031 (JPO), 2017 WL 325260, at *7 (S.D.N.Y. Jan. 23, 2017) (finding that the plaintiff's allegations of "three specific instances of interference with outgoing legal mail" was sufficient "to suggest a pattern rather than an isolated incident" of mail interference).

Here, Plaintiff failed to present evidence sufficient to permit a reasonable jury to find by a preponderance of the evidence that these particular Defendants regularly interfered with Plaintiff's mail.  The Court need not address Defendants' other arguments related to a pattern or practice of mail interference because Plaintiff did not show that Defendants ever touched his mail in a single instance, let alone on an ongoing basis.  *See supra* § IV.A.

## B.   Plaintiff Failed to Establish that Defendants' Conduct was the Proximate Cause of His Injuries

In a Section 1983 case, a plaintiff "must prove that the defendant's action was a proximate cause of the plaintiff's injury." *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 161 (S.D.N.Y. 2009) (citing *Gierlinger*, 160 F.3d at 872).  "[T]o establish proximate cause, a plaintiff must 'demonstrate that the causal connection between the defendant's action and the plaintiff's injury is sufficiently direct.'" *Woolfolk*, 2022 WL 3358081, at *4 (quoting *Burton v. Lynch*, 664 F. Supp. 2d 349, 361 n.17 (S.D.N.Y. 2009)).  Even "'if a Section 1983 defendant's initial act is the 'but for' cause of some ultimate harm ... he is not legally liable for the harm if an intervening act is a 'superseding cause' that breaks the legal chain of proximate cause.'" *Id.* (quoting *Bogart v. City of New York*, No. 13 Civ. 1017 (NRB), 2015 WL 5036963, at *5 (S.D.N.Y. Aug. 25, 2015)).

Because Plaintiff failed to put forth any evidence at trial that either of the Defendants interfered with his legal mail or denied him access to the courts, *see supra* §§ IV.A.1-2, he did not prove that his alleged injury—the dismissal of his common law assault and battery claim before the Court of Claims—was proximately caused by Defendants.

For all of these reasons, no reasonable jury would have a legally sufficient evidentiary basis to find that Defendants denied Plaintiff access to the courts or interfered with his legal mail in violation of the First Amendment.  Accordingly, the Court grants Defendants' Rule 50(a) motion.

**V.      CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that that Defendants' motion for judgment as a matter of law pursuant to Rule 50(a) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment against Plaintiff accordingly and serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  June 22, 2023
        Albany, New York

                                      Anne M. Nardacci
                                      U.S. District Judge